# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania Restaurant and Lodging Association, Storms Restaurant and Catering, LLC d/b/a Storms Restaurant, Lawrenceville Brewery, Inc., d/b/a The Church Brew Works, 1215 Incorporated, d/b/a Rita's Italian Ice, Dirt Doctors Cleaning Service LLC, and Modern Cafe Inc. | : : : : : : : : : : | No. 79 C.D. 2016 Argued: November 16, 2016 |
| v. | : : | |
| City of Pittsburgh | : : : | |
| v. | : : | |
| Service Employees International Union Local 32 BJ | : : : : | |
| Appeal of: City of Pittsburgh | : | |

| | | |
|---|---|---|
| Pennsylvania Restaurant and Lodging Association, Storms Restaurant and Catering LLC d/b/a Storms Restaurant, Lawrenceville Brewery Inc. d/b/a The Church Brew Works, 1215 Incorporated, d/b/a Rita's Italian Ice, Dirt Doctors Cleaning Service LLC, and Modern Cafe Inc. | : : : : : : : : : : | No. 101 C.D. 2016 Argued: November 16, 2016 |
| v. | : : : | |
| City of Pittsburgh, Council of the City of Pittsburgh, and William Peduto, and Service Employees International Union Local 32 BJ | : : : : : : | |
| Appeal of: Service Employees International Union Local 32BJ | : : | |

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  May 17, 2017


        The City of Pittsburgh (City) and Service Employees International Union, Local 32BJ, (SEIU) appeal the December 21, 2015 order of the Court of Common Pleas of Allegheny County (trial court),[1] which granted the motion for judgment on the pleadings filed by the Pennsylvania Restaurant and Lodging Association; Storms Restaurant and Catering, LLC, d/b/a Storms Restaurant; Lawrenceville Brewery, Inc., d/b/a The Church Brew Works; 1215 Incorporated, d/b/a Rita's Italian Ice; Dirt Doctors Cleaning Service LLC, and Modern Cafe Inc. (collectively, Appellees), and held that the City lacked authority to adopt the Paid Sick Days Act, an ordinance mandating paid sick leave for employees.  We affirm.

        On August 3, 2015, Pittsburgh City Council enacted an ordinance, known as the Paid Sick Days Act, amending Title VI, Article 1 of the Pittsburgh Code.  The stated purpose of the ordinance is to enhance the public health by ensuring that employees across the City are able to earn paid sick time.  The Paid

_____

[1] The appeals were consolidated by this Court's order of February 29, 2016.

Sick Days Act was signed into law by Mayor Peduto on August 13, 2015, and it applies to almost all employers doing business in the City.[2]

The ordinance provides that all employees have a right to sick time, and it requires employers to provide employees a minimum of one hour of paid sick leave for every thirty-five hours they work. Employers of fewer than fifteen employees must permit the accrual of up to twenty-four hours of paid sick leave per calendar year (unpaid during the first year), and employers of fifteen or more employees must allow the accrual of up to forty hours of paid sick leave per calendar year.

Appellees challenged the ordinance by filing a declaratory judgment action on September 21, 2015, and a motion for preliminary injunctive relief on October 13, 2015. The trial court granted SEIU's petition for permission to intervene. The parties agreed to a sixty-day stay of the application and enforcement of the ordinance, and after the City and SEIU filed answers to the complaint, all parties filed motions for judgment on the pleadings.

The trial court first noted that the City is a home rule charter municipality created pursuant to the Home Rule Charter and Optional Plans Law (Home Rule Charter Law).[3] The trial court concluded that, because Section 2962(f) of the Home Rule Charter Law limits the City's authority to regulate

---

[2] Section 2(F) of the Paid Sick Days Act defines an employer as "a person, partnership, limited partnership, association, or unincorporated or otherwise, corporation, institution, trust, government body or unit or agency, or any other entity situated or doing business in the City and that employs one (1) or more persons for a salary, wage, commission or other compensation." Reproduced Record (R.R.) at 119a. The definition does not include the United States Government or the State of Pennsylvania. *Id.*

[3] 53 Pa. C.S. §§2901-2984.

business, "except as expressly provided by statutes which are applicable in every part of this Commonwealth or which are applicable to all municipalities or to a class or classes of municipalities," 53 Pa.C.S. §2962(f), the City lacked authority to enact the Paid Sick Days Act. The trial court rejected the City's assertions that the Disease Prevention and Control Law of 1955[4] and/or provisions of the Second Class City Code[5] provide such authority, and granted Appellees' motion for judgment on the pleadings.[6]

On appeal to this Court, the City argues that the trial court erred in concluding that the City lacked authority to enact the Paid Sick Days Act.[7] The City first argues that: (1) the Paid Sick Days Act enjoys a presumption of validity; (2) the Pennsylvania Constitution provides the City a broad grant of authority; (3) the Home Rule Charter Law requires that the City's authority be liberally construed in favor of the City; and (4) the City's charter contains a broad statement of authority. However, the City's assertions in this regard are followed by little analysis and do not address Section 2962(f) of the Home Rule Charter Law, upon which the trial court based its decision.

Section 2962(f) of the Home Rule Charter Law expressly limits a home rule municipality's regulation of businesses. It states:

---

[4] Act of April 23, 1956, P.L. (1955) 1510, *as amended*, 35 P.S §§521.1-521.21.

[5] Act of March 7, 1901, P.L. 20, *as amended*, 53 P.S. §§23101-23175.

[6] A motion for judgment on the pleadings should be granted when the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. *Swartz v. Swartz*, 689 A.2d 302, 303 (Pa. Super. 1997).

[7] Because this matter involves purely a question of law, our scope of review is plenary and the standard of review is *de novo*. *Shields v. Council of Borough of Braddock*, 111 A.3d 1265, 1268 (Pa. Cmwlth. 2015).

3

(f) Regulation of business and employment.—A municipality which adopts a home rule charter *shall not determine duties, responsibilities or requirements placed upon businesses, occupations and employers,* including the duty to withhold, remit or report taxes or penalties levied or imposed upon them or upon persons in their employment, *except as expressly provided by statutes* which are applicable in every part of this Commonwealth or which are applicable to all municipalities or to a class or classes of municipalities.

53 Pa. C.S. §2962(f) (emphasis added).

In *Smaller Manufacturers Council v. Council of City of Pittsburgh*, 485 A.2d 73 (Pa. Cmwlth. 1984), we considered a City ordinance that required plant owners and operators to notify the Bureau of Business Security of any plans to close, relocate, or reduce operations if such actions would affect more than 15% of their employees. We held that the ordinance was invalid under former Section 302(d) of the Home Rule Charter Law,[8] a substantially similar prior version of Section 2962(f), because it regulated the duties, responsibilities, and requirements of the businesses. We further held in *Smaller* that, based on the clear language of Section 302(d), the ordinance was prohibited unless the City was expressly authorized to enact such an ordinance by the legislature.

---

[8] Act of April 13, 1972, P.L. 184, *formerly* 53 P.S. §1-302(d), repealed by the Act of December 19, 1996, P.L. 1158, 53 Pa. C.S. §2962(f), which stated:

No municipality which adopts a home rule charter shall at any time thereunder determine the *duties, responsibilities or requirements* placed upon *businesses*, occupations and *employers*, including the duty to withhold, remit or report taxes or penalties levied or imposed upon them or upon persons in their employment, except as *expressly provided by the acts of the General Assembly* which are applicable in every part of the Commonwealth or which are applicable to all municipalities or to a class or classes of municipalities. (Emphasis added.)

Thereafter, in *Building Owners and Managers Association of Pittsburgh v. City of Pittsburgh* (*BOMA*), 985 A.2d 711 (Pa. 2009), our Supreme Court considered whether the City exceeded its authority as a home rule municipality when it passed "The Protection of Displaced Contract Workers Ordinance," which required employers with new service contracts to retain the employees of the prior contractor for at least 180 days. In its analysis, the Supreme Court cited *Smaller* and affirmed this Court's holding that the ordinance at issue in *BOMA* also was invalid. In doing so, the court noted that the ordinance in *BOMA* was "far more invasive [than the reporting requirement in *Smaller*] because it forces contractors to retain certain employees for approximately half a year." 985 A.2d at 714-15. Additionally, the court rejected the argument that preemption is the only limitation on the City's authority to regulate business.

In this case, the Paid Sick Days Act imposes numerous affirmative duties upon employers. In addition to mandating that employers provide employees a minimum amount of paid sick leave, the ordinance: directs the manner of accruing sick leave; requires that unused paid sick leave be carried over to the following calendar year; states that sick leave time can be used for employees and family members; defines family members (as including grandparents and grandchildren and their spouses); and imposes notice and record-keeping duties. In light of the express limitations in Section 2962(f) of the Home Rule Charter Law and following the decisions in *BOMA* and *Smaller*, we must conclude that the City was without authority to enact the Paid Sick Days Act.

The City maintains that the limitations on municipal authority set forth in Section 2962(f) are inapplicable here for two reasons: (1) the Paid Sick Days Act is a public health regulation, and, as such, it is outside the scope of this

5

limiting provision; (2) alternatively, the exception clause in Section 2962(f) applies because express authority is granted to the City by the Second Class City Code and/or the Disease Prevention and Control Law.  We disagree.

The City first asserts that the Paid Sick Days Act is a health regulation authorized by Section 2962(c)(4) of the Home Rule Charter Law, which allows the City "to enact and enforce ordinances related to building codes or any other safety, sanitation or health regulation *pertaining thereto.*"   53 Pa. C.S. §2962(c)(4) (emphasis added).  Section 2962(c)(4) states:

> (c) Prohibited Powers- *A municipality shall not*:
>
> (4) Enact or promulgate any ordinance or regulation with respect to definitions, sanitation, *health*, standards of identity or labeling pertaining to the manufacture, processing, storage, distribution and sale of any foods, goods, or services subject to any Commonwealth statutes and regulations unless the municipal ordinance or regulation is uniform in all respects with the Commonwealth statutes and regulations thereunder.  This *paragraph does not affect the power of any municipality to enact and enforce ordinances relating to building codes or any other safety, sanitation or health regulations pertaining thereto*.

53 Pa. C.S. §2962(c)(4) (emphasis added).  However, in making this argument, the City relies on words taken out of context; significantly, it does not explain how the Paid Sick Days Act "pertains to" building codes.

The City also argues that the Second Class City Code specifically authorizes the City to "make regulations to secure the general health of the inhabitants" and "to prevent the introduction of contagious or pestilential diseases into the city."  Article XIX, Section 3, Clauses XXXIII and XXXIV of the Act of March 7, 1901, P.L. 20, 53 P.S. §§23145, 23146.  However, as noted above, the

6

exception in Section 2962(f) of the Home Rule Charter law only applies to authority "as expressly provided by statutes . . . ." 53 Pa.C.S. §2962(f). The provisions of the Second Class City Code on which the City relies do not expressly grant the City authority to impose the affirmative duties upon employers set forth in the Paid Sick Days Act. Therefore, these provisions do not compel application of the exception in Section 2962(f) of the Home Rule Charter Law.

Finally, the City argues that it has authority under Section 16(c) of the Disease Prevention and Control Law, which states in part that "[m]unicipalities which have boards or departments of health or county departments of health may enact ordinances or issue rules and regulations relating to disease prevention and control . . . ." 35 P.S. §521.16(c). However, the City does not have a health department.[9] We reject the City's interpretation of this provision as applicable to "any municipality served by" a county department of health.

In addition to the above arguments, SEIU asserts a public policy justification for the ordinance, alleging a relationship between paid sick leave and public health. However, neither the wisdom nor the purpose of the Paid Sick Days Act is material to the only issue before us, which is whether the City had authority to adopt this ordinance. While the City repeatedly asserts that broad powers to regulate are conferred by other statutory provisions, its arguments cannot overcome the plain language of Section 2962(f) of the Home Rule Charter Law, which is not a broad grant of authority, but instead, is an express limitation on the

---

[9] We do not consider, however, whether Section 16(c) of the Disease Prevention and Control Law would permit a municipality or county that has a health department to enact an ordinance mandating paid sick leave for employees.

7

City's authority to impose obligations on business, occupations, and employers. 53 Pa. C.S. §2962(f).

We recognize that paid sick leave for employees is a laudable goal. The power to achieve that goal rests with our General Assembly, however, through statewide legislation addressing paid sick leave or, alternatively, through legislation vesting authority to do so in local municipalities.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Restaurant and
Lodging Association, Storms
Restaurant and Catering, LLC
d/b/a Storms Restaurant,
Lawrenceville Brewery, Inc., d/b/a
The Church Brew Works, 1215
Incorporated, d/b/a Rita's Italian Ice,
Dirt Doctors Cleaning Service LLC,
and Modern Cafe Inc.

     v.

City of Pittsburgh

     v.

Service Employees International
Union Local 32 BJ

Appeal of: City of Pittsburgh

    : No. 79 C.D. 2016

Pennsylvania Restaurant and
Lodging Association, Storms
Restaurant and Catering LLC
d/b/a Storms Restaurant,
Lawrenceville Brewery Inc.
d/b/a The Church Brew Works,
1215 Incorporated, d/b/a Rita's Italian
Ice, Dirt Doctors Cleaning Service LLC,
and Modern Cafe Inc.

     v.

City of Pittsburgh, Council of the
City of Pittsburgh, and William
Peduto, and Service Employees
International Union Local 32 BJ

Appeal of:  Service Employees
International Union Local 32BJ

    : No. 101 C.D. 2016

# O R D E R

AND NOW, this 17th day of May, 2017, the December 21, 2015 order of the Court of Common Pleas of Allegheny County is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Restaurant and Lodging     :
Association, Storms Restaurant and      :
Catering, LLC, d/b/a Storms Restaurant, :
Lawrenceville Brewery, Inc., d/b/a       :
The Church Brew Works, 1215           :
Incorporated, d/b/a Rita's Italian Ice,    :
Dirt Doctors Cleaning Service LLC,     :
and Modern Café Inc.                  :
                                      :
               v.                     :
                                      :
City of Pittsburgh                 :
                                      :
               v.                     :
                                      :
Service Employees International      :
Union Local 32 BJ               :
                                      :   No. 79 C.D. 2016
Appeal of: City of Pittsburgh      :   Argued: November 16, 2016


Pennsylvania Restaurant and Lodging     :
Association, Storms Restaurant and      :
Catering LLC, d/b/a Storms Restaurant, :
Lawrenceville Brewery, Inc., d/b/a       :
The Church Brew Works, 1215           :
Incorporated, d/b/a Rita's Italian Ice,    :
Dirt Doctors Cleaning Service LLC,     :
and Modern Café Inc.                  :
                                      :
               v.                     :
                                      :
City of Pittsburgh, Council of the      :
City of Pittsburgh, and William       :
Peduto, and Service Employees      :
International Union Local 32 BJ     :
                                      :
                                      :
Appeal of: Service Employees       :   No. 101 C.D. 2016
International Union Local 32 BJ     :   Argued: November 16, 2016

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK Judge
            HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                    FILED:  May 17, 2017


        The ordinance at issue in this matter was enacted by the City of Pittsburgh, a home rule municipality, pursuant to its power to protect the health and safety of the people within its borders.  The majority, however, severely limits this power not only for Pittsburgh but for all home rule municipalities by reading into the Home Rule Charter and Optional Plans Law[1] restrictions which are not there.  As I cannot agree that this is consistent with the law, I must dissent.

        Home rule municipalities are not somehow divested of their discrete police powers to protect health and safety.  On the contrary – if anything, these entities have even greater powers than their non-home rule counterparts.  *See Hartman v. City of Allentown*, 880 A.2d 737, 742 (Pa. Cmwlth. 2005)("The essential principle underlying home rule is the transfer of authority to control certain municipal affairs from the state to the local level…  This transference results in home rule municipalities having *broader powers* of self government than non-home rule municipalities.")(emphasis in the original).

        Where the majority seems to veer from this basic understanding is in its failure to recognize the inherent power of municipalities when specifically

---

[1] 53 Pa.C.S. §§ 2901-2984.

acting to protect health and safety, even if that action impacts business.  *See Home Rule in Pennsylvania*, Governor's Center for Local Government Services, Ninth Edition January 2017 at page 66 ("Another of the basic police powers of municipalities is the protection of the health and welfare of its citizens.  Courts have long upheld the right of municipalities to regulate business operations impinging on the health of its citizens.") (http://dced.pa.gov/download/home-rule-governance-in-pennsylvania/?wpdmdl=56792&ind=Nm6XYNO35U_RldKo8slDV1q7x8-5zPAAxQGEfWwg_hr-wqMBPKb2ZZF1cCFcdsRM) (last visited April 13, 2017) (citing *Western Pennsylvania Restaurant Association v. Pittsburgh*, 77 A.2d 616, 621 (Pa. 1951)).[2]

Although the majority cites *Building Owners and Managers Association of Pittsburgh v. City of Pittsburgh (BOMA)*, 985 A.2d 711 (Pa. 2009) in support of its position, even that case recognizes the distinction between an ordinance which arises out of the power to protect health and safety, and one which is designed in the first place to *regulate* business.  In response to the dissent, the Court added a footnote, stating:  "Respectfully, the dissent confuses *regulating* business with health or safety ordinances that may *affect* a business." *Id.* at 715, n.12 (emphasis added).  It is clear that the Supreme Court understands this important distinction; it is equally clear the present majority does not.

---

[2] Not unlike the present case, *Western Pennsylvania Restaurant Association* addressed the validity of a Pittsburgh public health ordinance.  In upholding the ordinance, the Supreme Court noted that while the city's Charter Act "vests in it the power 'To make regulations to secure the general health of the inhabitants ***, - [this is] a power which, indeed, [the city] would probably possess *even in the absence of such a specific grant.  Wartman v. City of Philadelphia*, 33 Pa. 202, 209 (1859) …*"  Western Pennsylvania Restaurant Association,* 77 A.2d at 618 (emphasis added).  In *Wartman*, a case from the mid-19th Century, the Supreme Court recognized authority at "common law [in] Pennsylvania, that every municipal corporation which has power to make by-laws and establish ordinances to promote the general welfare and preserve the peace of a town or city, may … make such [] regulations concerning them as may conduce to the public interest." *Wartman,* 33 Pa. at 209.

JMC - 2

This case involves an effort to protect health and safety. That indeed is what municipalities are for. In exercise of the political power to do so, the present ordinance was enacted. If the people of Pittsburgh disagree with this action, they will address their dissatisfaction through the political process. It is not for this court to interfere. I therefore, and respectfully, dissent.

_____
JOSEPH M. COSGROVE, Judge